IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA

| | |
|---|---|
| RODNEY HILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.   1:21-cv-02075 ) |
| COCA-COLA BOTTLING CO., | ) ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, named-above, complains of act and omissions to act by the Defendant. In support of his Complaint and as cause of action against Defendant, Plaintiff respectfully submits the following:

JURISDICTION

1. This suit is authorized and instituted pursuant to the Family Medical Leave Act (FMLA) 29 U.S.C.§ 2601 et seq. and 28 U.S.C. §§ 1331 and 1343.

PARTIES

2. Plaintiff, at all relevant times, resided in the Southern District of Indiana.

3. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

4. Defendant employees over 50 employees within a 75-mile radius of Defendant's worksite in which Plaintiff worked at all relevant times herein.

FACTS

5. Plaintiff began working for Defendant in 2001 as a Truck Jockey, transitioned to a Forklift Driver and ended his employment as a Machine Operator.

6. Plaintiff performed his job well.

7. All of his evaluations were good.

8. He had a very good disciplinary history.

9. In September 2019 Plaintiff's wife was suffering from a serious medical condition which he had to take time off work to care for her.

10. Plaintiff notified his employer of his wife's condition and requested time off work to care for her.

11. Plaintiff submitted a request for Family Medical Leave (FMLA) and his request was granted.

12. However, Plaintiff's supervisor still disciplined Plaintiff for absenteeism and charged hi with seven (7) points.

13. If an employee accumulates twelve (12) points within a 12-month period, he is subject to termination.

14. In 2020 Plaintiff began to suffer from his own serious medical condition.

15. Plaintiff suffered from a serious gastrointestinal condition which caused incontinence, vomiting and severe weakness.

16. Plaintiff called in on four (4) separate occasions and informed Defendant of the above symptoms and informed Defendant he could not come to work,

17. Plaintiff thereafter disciplined Plaintiff after each absence, even after Plaintiff explained the symptoms he was experiencing.

18. Plaintiff accumulated four (4) additional points, which increased his total to eleven (11).

19. At the end of April 2020 Plaintiff had an emergency surgery for a detached esophagus

and he was in the hospital for five (5) days.

20. Upon his release to work he was informed he needed additional surgeries to repair his condition.

21. His friend and union officials, upon his return to work, told him he should request Family Medical Leave.

22. Defendant failed to provide him with any notice of his rights under the FMLA.

23. Nevertheless, based on his friend and union official's suggestion, he did in fact submit and request FML to which he was granted for the days he was off for his surgery and the days he had taken off leading up to his emergency surgery.

24. However, Defendant still did not remove the additional four (4) points that Plaintiff had accumulated.

25. Thereafter, Plaintiff had three (3) more surgeries.

26. Upon his return to work he notified Defendant that he was going to need additional surgeries, that is why he was granted FMLA leave.

27. Prior to each surgery Plaintiff notified Defendant he was having surgery and he was going to be off work.

28. On June 25, 2020, about one week after his last surgery his supervisor notified Plaintiff that he was being terminated in violation of Defendant's attendance policy.

29. The supervisor stated Plaintiff had accumulated twelve (12) points within twelve (12) months.

30. Defendant disciplined and ultimately terminated Plaintiff in violation of the FMLA.

## COUNT I

31. Plaintiff incorporates by reference paragraphs 1–30.

32. Defendant as a result of retaliating against Plaintiff for taking family medical leave violated the FMLA 29 U.S.C. § 2601 et. seq.

## COUNT II

33. Plaintiff incorporates by reference paragraphs 1-30.

34. Defendant as a result of interfering with Plaintiff's rights under the FMLA violated FMLA 29 U.S.C. § 2601 et. seq.

## COUNT III

35. Plaintiff incorporates by reference paragraphs 1-30.

36. Defendant as a result of retaliating against Plaintiff for exercising his rights under the FMLA violated the FMLA 29 U.S.C. § 2601 et. seq.

## CLAIM FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost.

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff liquidated damages.

D. Award Plaintiff his costs in this action and reasonable attorney's fees.

E. Grant Plaintiff any and all other relief which is allowable under the circumstances of this case.

Respectfully submitted,

**STOWERS & WEDDLE P.C.**

  s/Gregory A. Stowers
Gregory A. Stowers, #13784-49
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff, by counsel, and requests that this cause be tried by jury.

Respectfully submitted,

_s/Gregory A. Stowers_
Gregory A. Stowers, #13784-49

**STOWERS & WEDDLE P.C.**
626 N. Illinois Street
Suite 201
Indianapolis, IN 46204
(317)636-6320